IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| UNION PACIFIC RAILROAD COMPANY, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| POLARIS EXPLORER U.S.A. INC. | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the plaintiff, Union Pacific Railroad Company, for its causes of action against the defendant and states and alleges as follows:

### PARTIES

1. The plaintiff, Union Pacific Railroad Company (Union Pacific), is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located in Omaha, Nebraska. Union Pacific operates as an interstate rail carrier subject to the jurisdiction of the U.S. Surface Transportation Board.

2. Polaris Explorer U.S.A Inc. (Polaris) is a corporation organized and existing under the laws of the state of Nevada with its principal place of business in Littleton, Colorado and may be served by delivering process by certified mail, return receipt requested, to its registered agent for service, Gregory James Smith 303 E 17th Avenue, Suite 800, Denver, Colorado, 80203.

### JURISDICTION AND VENUE

3. Paragraphs 1 and 2 of this Complaint are incorporated as if fully set forth herein.

4. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) in that the amount in controversy exceeds the sum of SEVENTY-FIVE THOUSAND and 00/100

DOLLARS ($75,000.00), exclusive of interest and costs and is between citizens of different states. Jurisdiction also exists under 28 U.S.C. § 1337 inasmuch as Union Pacific's claims arise under the Interstate Commerce Act, 49 U.S.C. § 10101 *et seq*.

5.  Venue of this action is appropriate in the United States District Court for the District of Colorado, pursuant to 28 U.S.C. § 1391 (b)(1) in that Polaris resides within the District and 28 U.S.C. § 1391 (b)(2) in that a substantial part of the events or omissions giving raise to the claims arose within the District.

6.  Venue of this action is appropriate in the United States District Court for the District of Colorado in that Polaris resides in Arapahoe County, Colorado.

## FACTS

7.  Paragraphs 1 through 6 of this Complaint are incorporated by this reference as if fully set forth herein.

8.  The subject matter of this action relates to unpaid charges for flagging services provided by Union Pacific to Polaris.

9.  Polaris contracted with a third party, Geotrend Exploration, LLC, to perform a seismic cable survey (the Project). The location of the performance of the Project would be within a Union Pacific's right of way. As result, Polaris sent correspondence to Union Pacific requesting access to Union Pacific's right of way and a cost accumulation. A true and correct copy of Polaris' correspondence to Union Pacific is attached hereto as Exhibit "A" and is incorporated here by this reference.

10.  In coordination with the performance of the Project, Union Pacific and Geotrend Exploration, LLC entered into a written agreement entitled "Right of Entry Agreement" (the Agreement) on May 20, 2007. A true and correct copy of the Agreement is attached hereto as Exhibit "B" and is incorporated herein by this reference. As part of its performance of the

2

Project, Polaris executed a "Contractor's Endorsement" as part of the Agreement and agreed to be bound by the terms of the Agreement. Exhibit "B."

11. As part of the Agreement, Polaris agreed to pay for any and all flagging or other protective services needed to complete the Project at the prevailing rate. Polaris further agreed that Union Pacific would provide the flagging or other protective services. If services were provided, Polaris agreed to pay for the flagging or other protective services within thirty (30) days after presentation of the bill for the services rendered.

12. Pursuant to the Agreement, Union Pacific provided flagging services for the Project to Polaris in September, October and November 2007, and January and February 2008.

13. The charges for the flagging services provided for the Project were provided at the prevailing rate and totaled THREE HUNDRED THIRTY-SIX THOUSAND, SEVEN HUNDRED SIXTY-FOUR and 30/100 DOLLARS ($336,764.30).

14. As per the Agreement and Polaris' request, Union Pacific invoiced the flagging charges. True and correct copies of the invoices are attached hereto as Exhibit "C" and are incorporated herein by this reference.

15. A balance for the flagging services provided by Union Pacific to Polaris of THREE HUNDRED THIRTY-SIX THOUSAND, SEVEN HUNDRED SIXTY-FOUR and 30/100 DOLLARS ($336,764.30) remains due and owing despite Union Pacific's demands for payment.

## BREACH OF CONTRACT

16. Paragraphs 1 through 15 of this Complaint are incorporated by this reference.

17. Union Pacific provided flagging services to Polaris under and in accordance with the terms of the Agreement.

18. Polaris accepted the services.

3

19. Union Pacific satisfied all conditions to the Agreement, including any conditions for payment for the flagging services.

20. The charges for the flagging services provided for the Project were provided at the prevailing rate and totaled THREE HUNDRED THIRTY-SIX THOUSAND, SEVEN HUNDRED SIXTY-FOUR and 30/100 DOLLARS ($336,764.30).

21. Polaris has breached the agreement by failing to pay Union Pacific in full for the flagging services provided pursuant to the Agreement despite repeated demand for payment.

WHERFORE, Union Pacific prays the Court enter judgment against the defendant in the total amount of THREE HUNDRED THIRTY-SIX THOUSAND, SEVEN HUNDRED SIXTY-FOUR and 30/100 DOLLARS ($336,764.30) and accrued interest, costs of this suit, attorney fees, and other such relief as the Court deems just and proper.

### QUANTUM MERUIT

22. Paragraphs 1 through 21 are incorporated by this reference as if fully set forth herein.

23. Union Pacific agreed to provide and provided flagging services to Polaris in September, October and November 2007, and January and February 2008 at the request of Polaris and so that Polaris could complete the Project.

24. The fair, reasonable, and agreed to charges for the flagging services total THREE HUNDRED THIRTY-SIX THOUSAND, SEVEN HUNDRED SIXTY-FOUR and 30/100 DOLLARS ($336,764.30).

25. Polaris received the benefit of the flagging services, but has failed and refused to pay the charges due for the services rendered.

4

WHERFORE, Union Pacific prays the Court enter judgment against the defendant in the total amount of THREE HUNDRED THIRTY-SIX THOUSAND, SEVEN HUNDRED SIXTY-FOUR and 30/100 DOLLARS ($336,764.30) and accrued interest, costs of this suit, attorney fees, and other such relief as the Court deems just and proper

DATED this 15TH day of August, 2008.

UNION PACIFIC RAILROAD COMPANY, Plaintiff,

By: /s/Kyle Wallor
Kyle Wallor
LAMSON, DUGAN and MURRAY, LLP
10306 Regency Parkway Drive
Omaha, NE 68114
(402) 397-7300
kwallor@ldmlaw.com