

DUPLICATE ORIGINAL - RAILROAD COPY

AUDIT 244224

Folder No. 02373-79

# RIGHT OF ENTRY AGREEMENT

THIS AGREEMENT is made and entered into as of ~~March 20, 2007~~ *MAy 20, 2007*, by and between **UNION PACIFIC RAILROAD COMPANY**, a Delaware corporation (hereinafter the "Railroad"), and **GEOTREND EXPLORATION, LLC**, an Oklahoma limited liability corporation, to be addressed at 10615 Shadow Wood Drive Suite 106, Houston, TX 77043 (hereinafter the "Licensee").

**IT IS MUTUALLY AGREED BY AND BETWEEN THE PARTIES HERETO AS FOLLOWS:**

**Article I.    DEFINITION OF LICENSEE.**

For purposes of this Agreement, all references in this Agreement to the Licensee shall include the Licensee's contractors, subcontractors, officers, agents and employees, and others acting under its or their authority.

**Article II.    RIGHT GRANTED; PURPOSE.**

The Railroad hereby grants to the Licensee the right, during the term hereinafter stated and upon and subject to each and all of the terms, provisions and conditions herein contained, to enter upon and have ingress to and egress from the portion of Railroad's property in the vicinity of Mile Posts 184.09 to 273.80, Dallas & Baird Subdivisions, at or near Terrell to Weatherford, Texas, for the purpose of temporary access to allow a seismic cable survey. This project will include the laying, testing and removal of cable in sections. The right herein granted to Licensee is limited to those portions of the Railroad's property specifically described herein in the location shown on the print marked Exhibit A, attached hereto and hereby made a part hereof, or designated by the Railroad Representative named in Article IV.

**Article III.    TERMS AND CONDITIONS CONTAINED IN EXHIBITS B AND B-1.**

The terms and conditions contained in Exhibits B and B-1, hereto attached, are hereby made a part of this Agreement.

**Article IV.    ALL EXPENSES TO BE BORNE BY LICENSEE; RAILROAD REPRESENTATIVE.**

The Licensee shall bear any and all costs and expenses associated with any work performed by the Licensee, or any costs or expenses incurred by the Railroad relating to this Agreement. All work performed by Licensee on Railroad's property shall be performed in a manner satisfactory to the representative local Managers of Track Maintenance of the Railroad or his authorized representative (hereinafter the Railroad Representative):

Jason Rea  MTM
Union Pacific Railroad Company
5701 W Vickery Blvd
Fort Worth  TX  76107

Phone: 817-878-0843
Cell: 817-657-7534
Fax: 402-501-2631

Don Spainhower  MTM
Union Pacific Railroad Company
789 North 1st Street
Abilene TX 79601-6039

Phone: 325-672-2847
Cell: 817-705-4596
Fax: None

Don Traylor  MTM
Union Pacific Railroad Company
101 S Watson Road
Arlington TX 76010

Phone: 817-878-4609
Cell: 817-307-8471
Fax: 817-640-8710

**Article V.**     **TERM; TERMINATION.**

A.     The grant of right herein made to Licensee shall commence on the date of this Agreement, and continue until **September 30, 2007** unless sooner terminated as herein provided, or at such time as Licensee has completed its work on Railroad's property, whichever is earlier. Licensee agrees to notify the Railroad Representative in writing when it has completed its work on Railroad property.

B.     This Agreement may be terminated by either party on ten (10) days written notice to the other party.

**Article VI.**     **CERTIFICATE OF INSURANCE.**

A.     Before commencing any work, the Licensee will provide the Railroad with a Certificate issued by its insurance carrier providing the insurance coverage required pursuant to Exhibit B-1 of this Agreement in a policy which contains the following type of endorsement:

> "Union Pacific Railroad Company is named as additional insured with respect to all liabilities arising out of Insured's, as Licensee, performance of any work on the property of the Railroad."

B.     Licensee warrants that this Agreement has been thoroughly reviewed by its insurance agent(s)/broker(s) and that said agent(s)/broker(s) has been instructed to procure insurance coverage and an endorsement as required herein.

C.     All insurance correspondence shall be directed to:   Union Pacific Railroad Company, Director (Attn.: Tom Judkins - Folder No.02373-79), 1400 Douglas Street STOP 1690, Omaha, Nebraska 68179-1690.

**Article VII.    PROTECTION OF FIBER OPTIC CABLE SYSTEMS.**

Fiber optic cable systems may be buried on Licensor's property.  Protection of the fiber optic cable systems is of extreme importance since any break could disrupt service to users resulting in business interruption and loss of revenue and profits.  Prior to beginning any work, the Licensee shall telephone the Railroad at 1-800-336-9193 (a 24-hour number) to determine if fiber optic cable is buried anywhere on the property set forth herein. If it is, the Licensee shall also comply with and be subject to the provisions contained in Section 6 of Exhibit B.

**Article VIII.    ENFORCEABILITY; CHOICE OF LAW; CHOICE OF FORUM.**

This Agreement shall be governed, construed, and enforced in accordance with the laws of the state of Nebraska.  Litigation arising out of or connected with this Agreement may be instituted and maintained in the courts of the state of Nebraska and Texas only, and the parties consent to jurisdiction over their person and over the subject matter of any such litigation, in those courts, and consent to service of process issued by such courts.

**Article IX.    LICENSE FEE.**

Licensee shall pay, and Railroad shall accept, upon the execution and return of this instrument, the nonrefundable sum of Ten Thousand Dollars ($10,000.00) to cover Railroad's cost to prepare and administer this Agreement.

Flagging charges are not included in the sum recited in the preceding paragraph, and will be billed separately, if incurred.

**Article X.    NON-CONTIGENT FEE.**

Upon execution and delivery of this Agreement, the Licensee shall pay to Railroad an additional, one-time administrative handling change of Five Hundred Forty Five Dollars ($545.00) for clerical, administrative and handling expense in connection with processing this Agreement.

**Article XI.    SPECIAL PROVISION – RAILROAD FLAGMAN; WHEN REQUIRED; FLAGGING CHARGES.**

A.    No work of any kind shall be performed, and no person, equipment, machinery, tool(s), material(s), vehicle(s), or thing(s) shall be located, operated, placed, or stored within 25 feet of any of Railroad's track(s) at any time, for any reason, unless and until a Railroad flagman is provided to watch for trains, pursuant to the terms of the attached Exhibit 'B'.  All expenses connected with the furnishing of said flagman shall be at the sole cost and expense of the Licensee, who shall promptly pay to Railroad all charges connected therewith, within 30 days after presentation of a bill therefore.

B.    One and one-half times the current hourly rate is paid for overtime, Saturdays and Sundays; two and one-half times current hourly rate for holidays.

C.    Wage rates are subject to change, at any time, by law or by agreement between the Railroad and its employees, and may be retroactive as a result of negotiations or a ruling of an

authorized Governmental Agency. Additional charges on labor are also subject to change. If the wage rate or additional charges are changed, the Licensee shall pay on the basis of the new rates and charges.

D.   Reimbursement to the Railroad will be required covering the full eight hour day during which any flagman is furnished, unless he can be assigned to other Railroad work during a portion of such day, in which event reimbursement will not be required for the portion of the day during which the flagman is engaged in other work. Reimbursement will also be required for any day not actually worked by said flagman following his assignment to work on the project for which the Railroad is required to pay the flagman and which could not reasonably be avoided by the Railroad Company by assignment of such flagman to other work, even though the Licensee may not be working during such time.

E.   Arrangements for flagging are to be made at least Ten (10) days in advance of commencing work, with the Railroad Manager of Track Maintenance.

## Article XII.   LICENSEE SHALL REMOVE CABLE.

The seismic cable(s) that are used shall be installed under the Railroad's tracks and, if requested by the Railroad, shall be removed by the Licensee at the end of each day.

## Article XIII.   LICENSEE SHALL FURNISH RESULTS TO RAILROAD.

Licensee represents that the data obtained hereunder is for the internal, proprietary use of its client only and is not being obtained for speculative purposes or for future sale. If the data obtained hereunder is sold or otherwise furnished to any other party, other than financial participants in this project, within three years from the date of this Agreement, the Licensee shall also provide, at Licensee's sole expense, a copy of said data to the Railroad.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the date first herein written.

UNION PACIFIC RAILROAD COMPANY
*Federal Taxpayer I.D. #94-6001325*

By: _____
Senior Manager - Contracts

GEOTREND EXPLORATION, LLC

By: _____
Title: Manager

*(Pursuant to ordinance, resolution, or other evidence of proper authority to execute this instrument, a copy of which shall be attached to the Railroad's original counterpart of this document.)*

**EXHIBIT "A"**

**UNION PACIFIC RAILROAD COMPANY**

**Right of Entry Agreement**
**Folder No. 02373-79**

**GEOTREND EXPLORATION, LLC**

**nr. M.P. 184.09 – 273.80, DALLAS & BAIRD SUBDIVISION**

**at/near TERRELL to WEATHERFORD, TEXAS**

Office of Dir. Contracts - Omaha, NE
April 25, 2006

**WARNING:**

In all occasions, U.P. Communications Department must be contacted in advance of any work to determine the existence and location of FIBER OPTIC CABLE.

**PHONE: 1-800-336-9193**





























ROE 920316
Form Approved, AVP-Law

## EXHIBIT B

### Section 1 -     NOTICE OF COMMENCEMENT OF WORK – FLAGGING.

The Licensee agrees to notify the Railroad Representative at least Ten (10) days in advance of Licensee commencing its work and at least 24 hours in advance of proposed performance of any work by the Licensee in which any person or equipment will be within 25 feet of any track, or will be near enough to any track that any equipment extension (such as, but not limited to, a crane boom) will reach to within 25 feet of any track. Upon receipt of such notice, the Railroad Representative will determine and inform the Licensee whether a flagman need be present and whether the Licensee need implement any special protective or safety measures. If any flagmen or other special protective or safety measures are performed by the Railroad, such services will be provided at Licensee's expense with the understanding that if the Railroad provides any flagging or other services, the Licensee shall not be relieved of any of its responsibilities or liabilities set forth herein.

### Section 2 -     LIMITATION AND SUBORDINATION OF RIGHTS GRANTED.

a.  The foregoing grant of right is subject and subordinate to the prior and continuing right and obligation of the Railroad to use and maintain its entire property including the right and power of the Railroad to construct, maintain, repair, renew, use, operate, change, modify or relocate railroad tracks, roadways, signal, communication, fiber optics, or other wirelines, pipelines and other facilities upon, along or across any or all parts of its property, all or any of which may be freely done at any time or times by the Railroad without liability to the Licensee or to any other party for compensation or damages.

b.  The foregoing grant is also subject to all outstanding superior rights (including those in favor of licensees and lessees of the Railroad's property, and others) and the right of the Railroad to renew and extend the same, and is made without covenant of title or for quiet enjoyment.

### Section 3 -     NO INTERFERENCE WITH RAILROAD'S OPERATION.

No work performed by Licensee shall cause any interference with the constant, continuous and uninterrupted use of the tracks, property and facilities of the Railroad, its lessees, licensees or others, unless specifically permitted under this Agreement, or specifically authorized in advance by the Railroad Representative. Nothing shall be done or suffered to be done by the Licensee at any time that would in any manner impair the safety thereof. When not in use, Licensee's machinery and materials shall be kept at least 50 feet from the centerline of Railroad's nearest track, and there shall be no crossings of Railroad's tracks except at existing open public crossings.

### Section 4 -     PERMITS.

Prior to beginning any work, the Licensee, at its sole expense, shall obtain all necessary permits to perform any work contemplated by this Agreement.

### Section 5 -     MECHANIC'S LIENS.

The Licensee shall pay in full all persons who perform labor or provide materials for the work to be performed by Licensee. The Licensee shall not create, permit or suffer any mechanic's or materialmen's liens of any kind or nature to be enforced against any property of the Railroad for any such

ROB 920316
Form Approved, AVP-Law

work performed. The Licensee shall indemnify and hold harmless the Railroad from and against any and all liens, claims, demands, costs or expenses of whatsoever nature in any way connected with or growing out of such work done, labor performed, or materials furnished.

### Section 6 - FIBER OPTIC CABLE SYSTEMS.

In addition to other indemnity provisions in this Agreement, the Licensee shall indemnify and hold the Railroad harmless from and against all costs, liability and expense whatsoever (including, without limitation, attorneys' fees, court costs and expenses) arising out of any act or omission of the Licensee, its contractor, agents and/or employees, that causes or contributes to (1) any damage to or destruction of any telecommunications system on Railroad's property, and (2) any injury to or death of any person employed by or on behalf of any telecommunications company, and/or its contractor, agents and/or employees, on Railroad's property. Licensee shall not have or seek recourse against Railroad for any claim or cause of action for alleged loss of profits or revenue or loss of service or other consequential damage to a telecommunication company using Railroad's property or a customer or user of services of the fiber optic cable on Railroad's property.

### Section 7 - COMPLIANCE WITH LAWS.

In the prosecution of the work covered by this Agreement, the Licensee shall comply with all applicable federal, state and local laws, regulations and enactments affecting the work. The Licensee shall use only such methods as are consistent with safety, both as concerns the Licensee, the Licensee's agents and employees, the officers, agents, employees and property of the Railroad and the public in general. The Licensee (without limiting the generality of the foregoing) shall comply with all applicable state and federal occupational safety and health acts and regulations. All Federal Railroad Administration regulations shall be followed when work is performed on the Railroad's property. If any failure by the Licensee to comply with any such laws, regulations, and enactments, shall result in any fine, penalty, cost or charge being assessed, imposed or charged against the Railroad, the Licensee shall reimburse and indemnify the Railroad for any such fine, penalty, cost or charge, including without limitation attorneys' fees, court costs and expenses. The Licensee further agrees in the event of any such action, upon notice thereof being provided by the Railroad, to defend such action free of cost, charge, or expense to the Railroad.

### Section 8 - SAFETY INSTRUCTIONS.

Safety of personnel, property, rail operations and the public is of paramount importance in the prosecution of the work pursuant to this Agreement. As reinforcement and in furtherance of overall safety measures to be observed by the Licensee (and not by way of limitation), the following special safety rules shall be followed:

a. The Licensee shall keep the job site free from safety and health hazards and ensure that its employees are competent and adequately trained in all safety and health aspects of the job. The Licensee shall have proper first aid supplies available on the job site so that prompt first aid services can be provided to any person that may be injured on the job site. The Licensee shall promptly notify the Railroad of any U.S. Occupational Safety and Health Administration reportable injuries occurring to any person that may arise during the work performed on the job site. The Licensee shall have a non-delegable duty to control its employees, while they are on the job site or any other property of the Railroad to be certain they do not use, be under the influence of, or have in their possession any alcoholic beverage or illegally obtained drug, narcotic or other substance that may inhibit the safe performance of work by an employee.

Exhibit B

ROB 920316
Form Approved, AVP-Law

b. The employees of the Licensee shall be suitably dressed to perform their duties safely and in a manner that will not interfere with their vision, hearing or free use of their hands or feet. Only waist length shirts with sleeves and trousers that cover the entire leg are to be worn. If flare-legged trousers are worn, the trouser bottoms must be tied to prevent catching. The employees should wear sturdy and protective footwear. Employees shall not wear boots (other than work boots), sandals, canvas-type shoes or other shoes that have thin soles or heels that are higher than normal. In addition, the Licensee shall require its employees to wear personal protective equipment as specified by Railroad rules, regulations or Railroad officials overlooking the work at the job site. In particular, the protective equipment to be worn shall be:

(1) Protective head gear that meets American National Standard-Z89.1-latest revision. It is suggested that all hardhats be affixed with Licensee's or subcontractor's company logo or name.

(2) Eye protection that meets American National Standard for occupational and educational eye and face protection, Z87.1-latest revision. Additional eye protection must be provided to meet specific job situations such as welding, grinding, burning, etc.; and

(3) Hearing protection which affords enough attenuation to give protection from noise levels that will be occurring on the job site.

c. All heavy equipment provided or leased by the Licensee shall be equipped with audible back-up warning devices. If in the opinion of the Railroad Representative any of Licensee's or any of its subcontractors' equipment is unsafe for use on the Railroad's right-of-way, the Licensee, at the request of the Railroad Representative, shall remove such equipment from the Railroad's right-of-way.

## Section 9 - INDEMNITY.

a. As used in this Section, "Railroad" includes other railroad companies using the Railroad's property at or near the location of the Licensee's installation and their officers, agents, and employees; "Loss" includes loss, damage, claims, demands, actions, causes of action, penalties, costs, and expenses of whatsoever nature, including court costs and attorneys' fees, which may result from: (i) injury to or death of persons whomsoever (including the Railroad's officers, agents, and employees, the Licensee's officers, agents, and employees, as well as any other person); and (ii) damage to or loss or destruction of property whatsoever (including Licensee's property, damage to the roadbed, tracks, equipment, or other property of the Railroad, or property in its care or custody).

b. As a major inducement and in consideration of the license and permission herein granted, the Licensee agrees to indemnify and hold harmless the Railroad from any Loss which is due to or arises from any cause and is associated in whole or in part with the work performed under this Agreement, a breach of the Agreement or the failure to observe the health and safety provisions herein, 1 or any activity or omission arising out of performance or nonperformance of this Agreement; regardless of whether caused solely or contributed to in part by the negligence or fault of the Railroad.

c. Any liability of either party hereunder to one of its employees under any Workers' Compensation Act or the Federal Employers' Liability Act shall not be questioned or in any way challenged by the other party, nor shall any jury or court findings, resulting from any employee's suit against either party pursuant to any such Act(s), be relied upon or used by either party in any attempt to assert common law liability against the other.

Exhibit B

ROE 920316
Form Approved, AVP-Law

## Section 10 -   RESTORATION OF PROPERTY.

In the event the Railroad authorizes the Licensee to take down any fence of the Railroad or in any manner move or disturb any of the other property of the Railroad in connection with the work to be performed by Licensee, then in that event the Licensee shall, as soon as possible and at Licensee's sole expense, restore such fence and other property to the same condition as the same were in before such fence was taken down or such other property was moved or disturbed, and the Licensee shall indemnify and hold harmless the Railroad, its officers, agents and employees, against and from any and all liability, loss, damages, claims, demands, costs and expenses of whatsoever nature, arising from the taking down of any fence or the moving or disturbance of any other property of the Railroad.

## Section 11 -   WAIVER OF BREACH.

The waiver by the Railroad of the breach of any condition, covenant or agreement herein contained to be kept, observed and performed by the Licensee shall in no way impair the right of the Railroad to avail itself of any remedy for any subsequent breach thereof.

## Section 12 -   ASSIGNMENT – SUBCONTRACTING.

The Licensee shall not assign, sublet or subcontract this Agreement, or any interest therein, without the written consent of the Railroad and any attempt to so assign, sublet or subcontract without the written consent of the Railroad shall be void. If the Railroad gives the Licensee permission to subcontract all or any portion of the work herein described, the Licensee is and shall remain responsible for all work of subcontractors and all work of subcontractors shall be governed by the terms of this Agreement.

Exhibit B

ROB 920316 - INS B-1
Form Approved, AVP-Law

### Exhibit B-1
### Union Pacific Railroad
### Right of Entry

Licensee shall, at its sole cost and expense, procure and maintain during the life of this Agreement the following insurance coverage:

A.   **Commercial General Liability** insurance. This insurance shall contain broad form contractual liability with a single limit of at least $5,000,000 each occurrence or claim and an aggregate limit of at least $10,000,000. Coverage must be purchased on a post 1998 ISO or equivalent form, including but not limited to coverage for the following:
  - Bodily injury including death and personal injury
  - Property damage
  - Fire legal liability (Not less than the replacement value of the portion of the premises occupied)
  - Products and completed operations

The policy shall also contain the following endorsements, which shall be indicated on the certificate of insurance:
  - The employee and worker's compensation related exclusions in the above policy apply only to Licensee's employees
  - The exclusions for railroads (except where the Job Site is more than fifty feet (50') from any railroad including but not limited to tracks, bridges, trestles, roadbeds, terminals, underpasses or crossings), and explosion, collapse and underground hazard shall be removed.
  - Waiver of subrogation

B.   **Business Automobile Coverage** insurance. This insurance shall contain a combined single limit of at least $5,000,000 per occurrence or claim, including but not limited to coverage for the following:
  - Bodily injury and property damage
  - Any and all motor vehicles including owned, hired and non-owned

The policy shall also contain the following endorsements, **which shall be indicated on the certificate of insurance:**
  - The employee and worker's compensation related exclusions in the above policy apply only to Licensee's employees
  - The exclusions for railroads (except where the Job Site is more than fifty feet (50') from any railroad including but not limited to tracks, bridges, trestles, roadbeds, terminals, underpasses or crossings), and explosion, collapse and underground hazard shall be removed.
  - Motor Carrier Act Endorsement- Hazardous materials clean up (MCS-90) if required by law

C.   **Workers Compensation and Employers Liability** insurance including but not limited to:
  - Licensee's statutory liability under the workers' compensation laws of the state(s) affected by this Agreement.
  - Employers' Liability (Part B) with limits of at least $500,000 each accident, $500,000 disease policy limit $500,000 each employee

ROB 920316 - INS B-1
Form Approved, AVP-Law

If Workers Compensation insurance will not cover the liability of Licensee in states that require participation in state workers' compensation fund, Licensee shall comply with the laws of such states. If Licensee is self-insured, evidence of state approval must be provided along with evidence of excess workers compensation coverage. Coverage shall include liability arising out of the U. S. Longshoremen's and Harbor Workers' Act, the Jones Act, and the Outer Continental Shelf Land Act, if applicable.

The policy shall also contain the following endorsement which shall be indicated on the certificate of insurance:

- Alternate Employer Endorsement

D  **Umbrella or Excess Policies** In the event Licensee utilizes Umbrella or excess policies, these policies shall "follow form" and afford no less coverage than the primary policy.

E  **Railroad Protective Liability** insurance naming only the Railroad as the insured with a combined single limit of $2,000,000 per occurrence with a $6,000,000 aggregate. The policy shall be broad form coverage for "Physical Damage to Property" (ISO Form CG 00 35 07 98 or equivalent). A binder stating the policy is in place must be submitted to the Railroad until the original policy is forwarded to the Railroad.

### Other Requirements

F.  Punitive damage exclusion must be deleted, **which deletion shall be indicated on the certificate of insurance.**

G.  Licensee agrees to waive its right of recovery, and its insurers, through policy endorsement, agree to waive their right of subrogation against Railroad. Licensee further waives its right of recovery, and its insurers also waive their right of subrogation against Railroad for loss of its owned or leased property or property under its care, custody and control. Licensee's insurance shall be primary with respect to any insurance carried by Railroad. All waivers of subrogation **shall be indicated on the certificate of insurance.**

H.  All policy(ies) required above (excluding Workers Compensation) shall provide severability of interests and shall name Railroad as an additional insured. **Severability of interest and naming Railroad as additional insured shall be indicated on the certificate of insurance.**

I.  Prior to commencing the Work, Licensee shall furnish to Railroad original certificate(s) of insurance evidencing the required coverage, endorsements, and amendments. The certificate(s) shall contain a provision that obligates the insurance company(ies) issuing such policy(ies) to notify Railroad in writing of any cancellation or material alteration. **Upon request from Railroad, a certified duplicate original of any required policy shall be furnished.**

J.  Any insurance policy shall be written by a reputable insurance company acceptable to Railroad or with a current Best's Insurance Guide Rating of A- and Class VII or better, and authorized to do business in the state(s) in which the service is to be provided.

K.  Licensee WARRANTS that this Agreement has been thoroughly reviewed by Licensee's insurance agent(s)/broker(s), who have been instructed by Licensee to procure the insurance coverage required by this Agreement and acknowledges that Licensees insurance coverage will be primary.

Exhibit B-1

ROB 920316 - INS B-1
Form Approved, AVP-Law

L.      If Licensee fails to procure and maintain insurance as required, Railroad may elect to do so at the cost of Licensee plus a 25% administration fee.

M.      The fact that insurance is obtained by Licensee or Railroad on behalf of Licensee shall not be deemed to release or diminish the liability of Licensee, including, without limitation, liability under the indemnity provisions of this Agreement. Damages recoverable by Railroad shall not be limited by the amount of the required insurance coverage.

Exhibit B-1

May 17 07 11:31a    Heidi Solokis                303-904-6836        p.2

## CONTRACTOR'S ENDORSEMENT
Folder No. 02373-79

A. As a condition to entering upon Licensor's right-of-way to perform work pursuant to this Agreement, Licunsoo's contractor *(Fill in)*:

POLARIS EXPLORER U.S.A. INC.

10390 BRADFORD ROAD, STE #215

LITTLETON, CO, 8127

(hereinafter "Contractor") agrees to comply with all the terms and provisions of this Agreement relating to the work to be performed and the insurance requirements set forth in Exhibit B-1.

B. Before the Contractor commences any work, the Contractor will pay the Licensor a nonrefundable payment of $500 upon execution and return of this Contractor's Endorsement, and will provide the Licensor with a certificate issued by its insurance carrier providing the insurance coverage required pursuant to Exhibit B-1 in a policy which contains the following type endorsement:

UNION PACIFIC RAILROAD COMPANY is named as an additional insured with respect to all liabilities arising out of Insured's performance of work on behalf of the Licensee.

All insurance correspondence shall be directed to: Tom Judkins - Folder No. 02373-79, Union Pacific Railroad Company, 1400 Douglas Street STOP 1690, Omaha, Nebraska 68179-1690.

SIMON STOCKWELL
POLARIS EXPLORER
(Please print Contractor's Name above)

X _____
Title: _____
U.S. OPERATIONS MGR